# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STAN VAUGHAN,

       Plaintiff,

v.

STEPHENS MEDIA LLC, et al.,

       Defendants.

2:12-CV-904 JCM (VCF)

**ORDER**

Presently before the court is pro se plaintiff Stan Vaughan's motion to remand this action to state court. Doc. #6. Defendants Stephens Media, LLC ("Stephens Media"), Bryan Cave LLP ("Bryan Cave"), and World Chess Museum, Inc., d/b/a World Chess Hall of Fame ("WCHOF"), have filed an opposition (doc. #15),[1] to which plaintiff has replied (doc. #17).

**Background**

WCHOF filed a suit against plaintiff on January 17, 2012, in the United States District Court for the Eastern District of Missouri, alleging trademark infringement pursuant to the Lanham Act. After several failed attempts to serve plaintiff in the Missouri suit, the presiding judge, the Honorable Carol E. Jackson, granted WCHOF's motion for service by publication. On April 10, 17, 24 and May 1, 2012, Stephens Media, d/b/a the Las Vegas Review-Journal, published the summons. Service on plaintiff became effective on May 9, 2012.

---

[1] Plaintiff has also recently filed a motion seeking a court order requesting that the court find that defendants have conceded to remand. Doc. #19. The court will deny this motion.

**James C. Mahan**
**U.S. District Judge**

On April 30, 2012, prior to service becoming effective, plaintiff filed a complaint in Eighth Judicial District, Clark County District Court for the State of Nevada, alleging: (1) trademark infringement under N.R.S. Chapter 600; (2) unfair competition and false design under N.R.S. Chapter 598A; (3) statutory and common law trademark infringement and unfair competition; and (4) trademark dilution against defendants.

Plaintiff also seeks declaratory judgment that his trademark does not infringe on WCHOF's federally registered trademark and that he should prevail in the Missouri action. On May 29, 2012, defendants removed the instant action to the United States District Court for the District of Nevada. Plaintiff subsequently moved to remand. For the following reasons the court denies the motion.

**Discussion**

An action filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). This court has original subject matter jurisdiction over two types of cases. First, pursuant to 28 U.S.C. § 1331, this court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Second, pursuant to its diversity jurisdiction, the court may preside over suits between citizens of different states where the amount in controversy exceeds to sum or value of $75,000. 28 U.S.C. § 1332(a). Where the complaint does not establish the amount in controversy, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007).

Pursuant to the forum defendant rule, removal on the basis of diversity jurisdiction is confined to "instances where no defendant is a citizen of the forum state." 28 U.S.C. § 1441(b); *see also Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006). The removal statutes are construed restrictively, and doubts regarding the viability of removal are resolved in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

James C. Mahan
U.S. District Judge

- 2 -

Plaintiff claims that there is no diversity jurisdiction because defendant Stephens Media is a citizen of Nevada and the amount in controversy does not exceed $75,000.

### a. Diversity of Citizenship

Plaintiff first claims that defendant Stephens Media is a citizen of Nevada and therefore, destroys diversity. In *Johnson v. Columbia Props. Anchorage, LP*, the Ninth Circuit followed the Supreme Court decision in *Great S. Fire Proof Hotel v. Jones*, and refused to extend corporation citizenship rules to non-corporate entities. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The Ninth Circuit held that an LLC is a citizen of every state of which its owners/members are citizens. *Id.*

Here, plaintiff claims that Stephens Media is a citizen of Nevada because its principal place of business is in Nevada. However, as a limited liability company, Stephens Media's citizenship is determined by the citizenship of its members. *See Johnson*, 437 F.3d at 899. Stephens Media has only two members: SF Holding Corporation and Stephens Holding Company. Both SF Holding Corporation and Stephens Holding Company are corporate entities.

A corporation is a citizen of: (1) the state where its principle place of business is located; and (2) the state in which it is incorporated. *Johnson*, 437 F.3d at 899 (citing 28 U.S.C. § 1332(c)(1)). As both SF Holding Corporation and Stephens Holding Company are organized under the laws of Arkansas and have their principal place of business in Arkansas, they are citizens of Arkansas. *See Id.* Therefore, Stephens Media is also a citizen of Arkansas. *See id.*

### b. Amount in Controversy

Plaintiff represents that the amount at issue in the instant action exceeds $10,000 but is less than $75,000. *See* Mot. Remand at 6. The plaintiff does not state in the complaint the amount in controversy.

In *Guglielmino v. McKee Foods Corp.*, the Ninth Circuit held that where a "complaint is unclear and does not specify 'a total amount in controversy,' . . . proof by a preponderance of the evidence" is the appropriate burden of proof to employ. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007). Accordingly, the defendants must provide evidence establishing that

1  it is more likely than not that the amount in controversy is over $75,000. *Id.*

2  Here, the plaintiff has pled that the amount in controversy "while exceeding $10,000, does
3  not exceed $75,000, exclusive of interest and costs." Compl. ¶ 7. Such an allegation is similar to the
4  allegation in the *Guglielmino*, where the plaintiff alleged a "sum . . . less than $75,000" excluding
5  only "interest and costs." *Guglielmino*, 506 F.3d at 700. Accordingly, the instant complaint is
6  unclear, and pursuant to the holding of *Guglielmino*, the defendants must establish by a
7  preponderance of the evidence that the jurisdictional threshold his met. *Id.* at 701.

8  Defendants point to a demand letter sent by plaintiff, wherein he valued his compensatory
9  claims at $50,001. Further, plaintiff requests exemplary damages in an amount of "three times the
10 amount found as actual damages," in his complaint. Thus, taken together, plaintiff's total damages
11 are $150,003.

12 As explained above, the instant complaint does not disclose a total dollar amount for
13 plaintiff's claims. Several circuits, including the Ninth Circuit have held that "a settlement letter is
14 relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the
15 plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 841 (9th Cir. 2002); *see also Chase v. Shop
16 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428–30 (7th Cir.1997) (plaintiff's settlement offer
17 is properly consulted in determining "plaintiff's assessment of the value of her case"); *Burns v.
18 Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir.1994) (while a "settlement offer, by itself, may not
19 be determinative, it counts for something"); *Wilson v. Belin*, 20 F.3d 644, 651 n. 8 (5th Cir.1994)
20 ("Because the record contains a letter, which plaintiff's counsel sent to defendants stating that the
21 amount in controversy exceeded $50,000, it is 'apparent' that removal was proper.").

22 Here, plaintiff has not argued that the demand in his letter was inflated and not an honest
23 assessment of damages. *Cohn*, 281 F.3d at 841. He has made no attempt to disavow his letter or offer
24 contrary evidence. *Id.* Rather, plaintiff simply reiterates the jurisdictional allegation in his complaint
25 and argues the court is bound by the statement that damages "exceed[] $10,000 [but] do[] not exceed
26 . . .
27 . . .
28

$75,000." In light of the record before the court, it finds that defendants have proven, by a preponderance of the evidence, that the jurisdictional amount is met. *See Guglielmino*, 506 F.3d at 700.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to remand (doc. #6) be, and the same hereby is, DENIED.

DATED July 9, 2012.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -